FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>      v.<br><br>FERNANDO GONZALEZ (01),<br><br>                   Defendant. | No.   1:14-cr-02012-SMJ-1<br><br>**ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE WITHOUT PREJUDICE** |

Before the Court is a two-sentence letter submitted by Defendant Fernando Gonzalez, proceeding *pro se*, ECF No. 138. For the reasons set forth below, the Court construes this letter as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, but finds that Defendant has not challenged the duration or legality of his sentence as is required in a petition for habeas corpus relief. Because it is clear from the face of the motion that Defendant is entitled to no relief, the Court dismisses it without a response from the Government and without an evidentiary hearing.

Defendant's entire submission is as follows: "Dear Judge, Due to the Covid-19 Pandemic and under the recent implemented case law 'The CARES ACT,' [Defendant] hereby submit[s] [his] motion '2255 for a reduction of

ORDER DISMISSING DEFENDANT'S CONSTRUED § 2255 PETITION – 1

sentence'. I meet all the qualifications to receive relief per this new case law. Thank you." ECF No. 138.

Because Defendant identifies his submission as a "motion '2255 for a reduction of sentence,'" ECF No. 138, the Court construes it as a motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255. That provision allows a prisoner incarcerated pursuant to the judgment of a federal court to move the sentencing court to vacate, set aside, or correct the sentence on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). **If Defendant meant his submission to serve a different purpose, he must file the appropriate legal pleading clearly indicating his intention. For example, if Defendant intended to seek a sentence reduction under a different statute, such as 18 U.S.C. § 3582, he must file a motion clearly identifying the statutory basis of the motion.**

On receipt of a motion under 28 U.S.C. § 2255(a), the Court must perform a preliminary review of the bases it sets forth and the relief it requests. The Court may dismiss a prisoner's § 2255 motion without service on the Government, without an evidentiary hearing, and without entering findings of fact and conclusions of law if "the motion and the files and records of the case conclusively show that the prisoner

ORDER DISMISSING DEFENDANT'S CONSTRUED § 2255 PETITION – 2

is entitled to no relief." *Id.* § 2255(b). In deciding whether the Court must summarily dismiss a § 2255 motion, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Court must liberally construe a *pro se* § 2255 motion. *Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

Habeas relief under § 2255 is available to challenge the legality or duration of confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). However, Defendant's challenge is unrelated to the sentence imposed by the Court and, as such, is inappropriate for habeas review. *See Phea v. Pfeiffer*, No. 2:20-cv-00283 WBS GGH P, 2020 WL 1892427, at *1 (E.D. Cal. April 16, 2020) (citing *Ortiz v. United States*, No. CR 04-1303-PHX-MHM, 2009 WL 2170102, at *1 (D. Ariz. July 17, 2009)) (denying habeas petition under 28 U.S.C. § 2254 seeking release due to COVID-19 because petition related to conditions of confinement, not duration or legality of sentence); *Ortiz*, 2009 WL 2170102, at *1 (D. Ariz. June 23, 2009) (denying motion for emergency release in pending federal habeas petition under § 2255 as it did not relate "to his request for habeas relief from his original criminal sentence."). As such, the motion for relief under § 2255 must be dismissed without prejudice.

ORDER DISMISSING DEFENDANT'S CONSTRUED § 2255 PETITION – 3

Insofar as Defendant's submission may be construed as a motion to reduce his sentence under 18 U.S.C. § 3582(c), Defendant has similarly not shown he is entitled to relief. Under that provision, the Court may reduce a sentence where it finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). However, such relief is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A). Defendant has neither indicated that he has sought relief from the Bureau of Prisons and exhausted administrative remedies related to such a request nor argued that any exception to statutory exhaustion requirement is applicable. *See* ECF No. 138. As such, the Court declines to construe the motion as one for relief under 18 U.S.C. § 3582(c). If Defendant intended to bring a motion under § 3582, he may renew his request by submitting a motion that clearly identifies § 3582 as the basis for relief and that addresses how he is eligible for relief under its provisions.

//

//

//

ORDER DISMISSING DEFENDANT'S CONSTRUED § 2255 PETITION – 4

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's construed motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255, **ECF No. 138**, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Defendant and counsel for the Government.

**DATED** this 4th day of May 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge